## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:                                                    CASE NO. 12-13590

JEFFREY MICHAEL LONG                        SECTION "B"

    DEBTOR                                        CHAPTER 13

### ORDER AND REASONS

This matter came before the court on January 2, 2012 as a hearing on the motion of creditor First Bank and Trust of Mississippi ("First Bank") to determine the applicability of the automatic stay (P-5) and the opposition thereto (P-16)  filed by the debtor, Jeffrey Long ("Long").  For the reasons set forth below,

IT IS ORDERED that the motion is GRANTED.

Although the court finds that First Bank did violate the automatic stay imposed by 11 U.S.C. § 362, the court finds that the action was voidable and will not invalidate the sheriff's sale, held by the Sheriff for Jefferson Parish on December 5, 2012, of the property described in the motion, as requested by the debtor.  Further, the court declines to extend the automatic stay to the debtor's wholly owned LLC.

## I.   Background Facts

This dispute concerns a foreclosure on a business operated by an LLC in which the debtor was the sole member and shareholder.

### A.   The documents

Long, the debtor, and Bella Grae Holdings, LLC, ("Bella Grae") an LLC in which

Long was the sole member, signed a fifteen year lease on January 31, 2008 to lease a parcel of land in Jeffrerson Parish, Louisiana upon which a self-serve coin operated carwash was to be constructed and operated.[1]  The lessees were Long, individually, and Bella Grae, appearing through Long, its member/manager.  A notice of the lease was properly recorded in the Jefferson Parish conveyance records.[2]  This lease was later amended on November 7, 2011 to clarify that Long was not a lessee, as stated in the original lease, but only a guarantor of the payment and performance of the obligations of Bella Grae under the lease.[3]  On February 4, 2008, a promissory note in the amount of $550,000 was executed naming Bella Grae and Long as the borrowers, jointly and severally, and First Bank as the lender.[4]  The collateral for the loan was listed as a multiple indebtedness mortgage and a commercial security agreement, both dated February 4, 2008.  The multiple indebtedness mortgage was executed with respect to a loan to finance the purchase of the property on February 4, 2008.[5]  The mortgage listed the mortgagors as Bella Grae Holdings, LLC ("Bella Grae") and Long, the debtor in this case; the mortgagee was First Bank.  Although the mortgage document is much more detailed, for purposes of this order, the mortgage was granted on, "the entire leasehold

---

[1]  Exhibit 3 attached to First bank's motion (P-5).

[2]  Exhibit 4 attached to First Bank's motion (P-5).

[3]  Exhibit 5 attached to First Bank's motion (P-5).

[4]  Exhibit 1 attached to First Bank's motion (P-5).

[5]  Exhibit 2 attached to First Bank's motion (P-5).

interest of Bella Grae Holdings, LLC, pursuant to that certain Triple Net Lease dated January 31, 2008. . . together with all the buildings and improvements thereon."

### B.    The foreclosure proceedings

First Bank filed suit in state court against both Bella Grae and Long to foreclose on the leasehold interest.  The foreclosure sale was set for December 5, 2012 and Long filed his Chapter 13 petition on December 4, 2012 in an effort to stop the foreclosure proceeding.  First Bank did not dismiss Long as a party to the foreclosure and it proceeded with the foreclosure sale on December 5, 2012.  First Bank then filed its motion seeking a declaration from the court that the automatic stay of 11 U.S.C. § 362 was not applicable to the foreclosure sale.  The debtor filed its objection, and the court held a hearing on the matter.

### C.    The hearing

At the hearing, the court stated that  no violation of the automatic stay occurred.  Because counsel for the debtor indicated that the debtor would appeal the court's decision, the court issues these written reasons to aid the reviewing court in its analysis.

## II.    Legal Analysis

First Bank argues that because Long was removed as a lessee from the lease when the lease was amended in 2011, it was not taking any action against the debtor in violation of § 362 when it proceeded with its foreclosure, despite the fact that Long was named as a defendant in the foreclosure suit.  Essentially, First Bank argues that because it was just proceeding against Bella Grae, the leaseholder, the fact that its neglect in

removing Long's name from the suit was a formality that had no effect on Long's estate.

Long's attorney argues that the form matters, and that by proceeding with the foreclosure

without removing Long as a defendant, First Bank violated the automatic stay.

The Fifth Circuit Court of Appeals held in *In re Jones,* 63 F.3d 411, 412 (5th Cir.

1995) that, "actions taken in violation of the automatic stay are not *void*, but rather they

are merely *voidable*, because the bankruptcy court has the power to annul the automatic

stay pursuant to section 362(d)."  Further, in *Sikes v. Global Marine, Inc.,* 881 F.2d 176,

178 (5th Cir. 1989) the court held that, "the power to annul authorizes retroactive relief

even unto the date of the filing of the petition giving rise to the automatic stay.  The

power to annul authorizes the court to validate actions taken subsequent to the

imnpressing of the section 362(a) stay."

The court agrees that form does matter and that there was a violation of the

automatic stay because Long was a named defendant and First Bank proceeded with the

foreclosure without seeking to lift the stay.  The court finds, however, that First Bank is

correct that it could have proceeded with the foreclosure suit against just Bella Grae,

because Bella Grae was the only lessee to the amended lease.  The court will not void the

foreclosure sale as the debtor requests, because First Bank could have proceeded against

only Bella Grae.

Long also argues that because Long was the only shareholder in Bella Grae, the

proceeding against Bella Grae should have been stayed, citing *Queenie, Ltd. v. Nygard*

*International,* 321 F.3d 282 (2nd Cir. 2003).  In *Queenie,* the U.S. Second Circuit Court of

4

Appeals extended the automatic stay from the individual debtor to his wholly owned

corporation, stating:

> The automatic stay can apply to non-debtors, but normally does so only
> when a claim against the non-debtor will have immediate adverse economic
> consequences for the debtor's estate.  Examples are a claim to establish an
> obligation of which the debtor in a guarantor, a claim against the debtor's
> insurer, and actions where 'there is such an identity between the debtor and
> the third-party defendant that the debtor may be said to be the real party
> defendant.[6]

Long argues that because he is a guarantor under the lease, this court should extend the

automatic stay to his wholly owned corporation Bella Grae.  Long has alleged grave

economic harm would befall him if the automatic stay were not enforced because he

would lose almost $100,000 in equity that he had on the property.  The court notes,

however, that even were it inclined to follow *Queenie*, which it is not, Bella Grae filed a

Chapter 7 petition on August 1, 2012 in this court, and in that case, First Bank filed a

motion to lift stay that was granted.[7]  The motion to lift stay was filed on August 1, 2012

and noticed for hearing on August 21, 2012 in Section A of this court.  The motion was

not opposed by the debtor in that case, Bella Grae, and the motion was granted without

hearing.  In that motion to lift stay, First Bank filed into the record not one, but two

appraisals, both showing that neither the debtor nor the corporation had equity in the

property.  That, coupled with Long's failure to provide any proof to support his assertion

that he has $100,000 of equity in the property leads the court to find that Long's estimate

---

[6] *Queenie v. Nygard,* 321 F.3d at 287-88 (internal citations omitted).

[7] Case No. 12-12292.

5

of the property's value is incorrect.  Because Long had no equity in the property, the court finds that he suffered no economic harm from the foreclosure; thus, the court declines to extend the stay to Bella Grae.

The court finds no reason to go behind the state court judgment and disturb the foreclosure sale after the fact.  The court holds that although First Bank violated the automatic stay imposed by 11 U.S.C. § 362, the court retroactively lifts the stay pursuant to § 362(d).  The court will not invalidate the sheriff's sale, held by the Sheriff for Jefferson Parish on December 5, 2012, of the property described in the motion.

New Orleans, Louisiana, February 22, 2013.

*J. A. Brown*

Jerry A. Brown
U.S. Bankruptcy Judge